FRANK A. MEYERS, Administrator Department of Justice
You have asked my informal opinion regarding the effect of the congressional legislation entitled "Emergency Daylight Saving Time Energy Conservation Act of 1973" which becomes effective on January 6, 1974, and remains in effect until the last Sunday in April, 1975, on the closing hours of premises licensed for the retail sale of liquor and beer.
Sections 176.06 (3) and 66.054 (10) (a), Stats., mandate that premises in counties of less than 500,000 population for which retail Class "B" licenses have been issued must not remain open for sales between 1:00 a.m. and 8:00 a.m. (with certain exceptions not relevant *Page 2 
here), except during that part of each year for which the standard of time is advanced under sec. 175.095, Stats., during which period the closing hours shall be between 2:00 a.m. and 8:00 a.m.
Thus, the question posed becomes: Does the federal legislation advancing the standard of time for the entire nation have the effect of advancing the closing hours of such premises for which retail Class "B" licenses have been issued from 1:00 a.m. to 2:00 a.m. from January 6, 1974, until the last Sunday in April, 1975?
I conclude that this question should be answered in the negative.
Sections 176.06 (3) and 66.054 (10) (a), Stats., when read in conjunction with sec. 175.095, Stats., specifically indicate that the closing hours of such licensed premises will change from 1:00 a.m. to 2:00 a.m. only between the last Sunday in April and the last Sunday in October of each year.
It is my opinion that the effect of the federal bill is to change the standard of time in Wisconsin. After January 6, 1974, all time in Wisconsin will be measured by that new standard and Wisconsin will be operating on Central Emergency Daylight Saving Time.
Our Supreme Court had before it the question of the effect of a congressional change in the standard of time on local time in Wisconsin in State v. Badolati (1942), 241 Wis. 496,6 N.W.2d 220. In 1942, Congress had enacted the so-called National War-Time Bill which advanced all standard time in the nation one hour. The defendant in the case had allowed his licensed premises to remain open until 1:55 a.m. Central War-Time. He claimed that the closing hours were governed by Central Standard Time, the standard of time previously established for Wisconsin, and he had therefore remained opened only until 12:55 a.m. and had not violated the closing hours statute.
The court disagreed, stating: "It is clear to us that the State of Wisconsin has geared its time to Central Standard Time as established by Congress, and that as Congress changes Central Standard Time, our statutory standard of time also changes." (Id. at p. 500).
This change of the standard of time should not be construed to be an advance of our standard of time pursuant to sec. 175.095, Stats. *Page 3 
I therefore conclude that premises in counties of less than 500,000 population for which retail Class "B" beer licenses have been issued must remain closed between 1:00 a.m. and 8:00 a.m., Central Emergency Daylight Saving Time.
I further conclude that premises in counties of less than 500,000 population for which retail Class "B" liquor licenses have been issued must not remain open for sales between 1:00 a.m. and 8:00 a.m., Central Emergency Daylight Saving Time.
RWW:JM